For the reasons assigned, the judgment appealed from is hereby affirmed.

(35 South. 617.)

No. 14,829.

BYRNES v. BYRNES' MINORS et al.*

(June 22, 1903.)

INTERDICT—RIGHT OF ACTION—SUIT BY CURATOR.

1. Only the curator of an interdict can represent his interest in court. The interdict's wife and children are without standing to do so. A suit in the interest of the interdict cannot be prosecuted against the consent of the curator.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Edward C. Byrnes against Byrnes' minors and others. Judgment for defendants, and plaintiff appeals. Dismissed.

Herman Michel (Henry Laurence Lazarus, H. Gibbs Morgan, and Omer Villeré, of counsel), for appellant. McCloskey & Benedict and Howe, Spencer & Cocke, for appellees.

PROVOSTY, J. A judgment of partition having been heretofore rendered in the matter of the succession of Edward Conery, the object of the present suit is to annul that judgment. The lower court dismissed the suit because the counsel that brought it had not only not been authorized to bring it, but had been expressly enjoined not to bring it by the only party who had a standing to bring it. The interest that is sought to be

vindicated in the suit is that inherited by Edward Conery, Jr., from his father, Edward Conery, in whose succession the judgment sought to be annulled was rendered. Edward Conery, Jr., is living. He is an interdict, and has a duly appointed and constituted curator. This curator, it goes without saying, is the only person having a legal standing to represent him or his interest in any suit. Code Prac. arts. 108, 109; Degruy v. His Creditors, 5 La. Ann. 39. This curator forbade the suit and protested against it, but counsel went on nevertheless and brought it, joining as coplaintiffs the children of the interdict by his first marriage, his minor children by his second marriage, and his wife; the latter appearing for herself and her minor children. From the judgment dismissing the suit, the present appeal was taken.

The appellees move to dismiss the appeal on the ground, first, that the appeal is being prosecuted without the authority of the curator; and, second, that the other appellants are without standing in the suit. The curator, by motion and affidavit, has joined in the motion to dismiss.

The interdict being alive, there being no rights in the matter except his, and the curator alone having a standing to litigate for him, and the curator having forbidden both the suit and the appeal, evidently the motion to dismiss must be sustained. The coplaintiffs have no standing in the suit.

The appeal is dismissed.